Bkockenbrough, J.
I concur with my brother Carr on the first point.
J think it clearly proved that Laidley paid the sum of 70 dollars, and that sum only, to the administratrix Phoebe Merrfield ; and I concur with the chancellor, that *360 her receipt to Laidley of the 25th September 1822, for *■ r J ' . . J- ' the whole amount of the judgment, was fraudulent. Therefore he was entirely correct in disregarding that receipt. But the payment of the 70 dollars is proved by other evidence than the receipt; and as the payment of the 70 dollars was made to one having a right to receive it, I cannot perceive that it would be consistent with equity to compel Laidley to pay it over again. In this respect, I think the decree is erroneous.
I am also of opinion that there was error in allowing interest on the aggregate amount of principal, interest and costs ascertained by the judgment of 1811. That judgment did not carry interest on its face ; but I agree that, according to the decision of Beall v. Silver, it is proper that the court of equity should decree interest on the real debt due, to run on till the payment. Equity should give just so much interest as the jury and court of law would have given, if instead of -stopping at the time of the verdict or judgment by default, it had been allowed to run on till payment. The judgment here is for £ 60. debt, and for 44 dollars damages (which, according to my understanding, was the interest on that debt) and for 19 dollars costs. The aggregate sum is 263 dollars. But it is easy to distinguish the principal sum, which ought to carry interest till the day of payment, from the interest and the costs. I think that it ought to carry interest, not from the time fixed on by the chancellor, but from the prior period when the judgment was rendered, namely, March 1811.
Cabell, J.
I do not deem it necessary to examine the evidence minutely, for the purpose of ascertaining ■ whether Laidley was guilty of the fraud imputed to him, in procuring the receipt mentioned in the proceedings ; for, even if it be true that his conduct in that respect was grossly fraudulent, he ought nevertheless to be credited for the 70 dollars which he actually paid. Mrs. *361 Merrifield, to whom it was paid, was co-administratrix of the estate, and had as much right to receive it as her co-administrator. It is no objection to the validity of the payment, that she intended to apply it to her own use. There is nothing in the record to shew that it was improper in her thus to apply it. We know nothing of the state of the accounts between her and the estate of her intestate. She may have been in advance for the estate ; and besides, she was entitled as widow to one third of the estate after the payment of debts : and even if this money was misapplied, she and her sureties will be made responsible for it, on the settlement of her accounts. The fact that Laidley has fraudulently attempted to release himself from a part of the judgment which he had not paid, cannot, in a court of equity, destroy his right to a credit for that which he has actually paid. Therefore I am of opinion that the decree should be reversed so far as it denies a credit to Laidley for the payment of 70 dollars, and in all things else affirmed ; for I perceive no other error.
Decree—That the decree of the superiour court of chancery was erroneous in denying to Laidley credit for the 70 dollars paid by him on the 25th September 1822; therefore, decree as to that reversed, and as to the residue affirmed; and cause remanded for further proceedings.